WM. BISHOP, ET AL. *v.* WM. ROUTE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—363.]

**Appeal from Trustees in Locating Schoolhouse.**
    One-third of the electors of a district may appeal from the decision of the trustees in locating a schoolhouse to the school commissioner of the county, whose decision is final. It follows that no question of such location can be determined by this court for no appeal lies from the commissioner.

**School Trustees Serve Until Their Successors Qualify.**

Persons appointed as school trustees by the school commissioner to fill vacancies are entitled to serve as such until their successors are elected and qualified, and they may continue to act legally until such successors qualify.

### APPEAL FROM PENDLETON CIRCUIT COURT.

November 12, 1885.

Opinion by Judge Lewis:

The evidence in this case satisfactorily shows that a majority of the qualified voters of common-school district No. 45 petitioned the school commissioner to condemn the schoolhouse of that district as unfit to be occupied for the purpose of a common school, and he was therefore authorized by the statute to condemn it. The same statute authorized the trustees of the district upon being notified of the condemnation by the commissioner to proceed to erect a new one, at the old or a different site in the district, and also to order a per capita tax not exceeding $2 on each white male in the district over twenty-one years of age to be collected by a collector appointed by them and applied when collected to the erection and furnishing of a schoolhouse adopted to the wants of the district.

The statute appears to have been substantially complied with by the school commissioner as well as the acting trustees of the district, in respect to the condemnation of the old and the erection of the new schoolhouse and ordering the tax collected. .The trustees were not required to submit the question of taxation to the qualified voters of the district, but were invested with authority to order the collection without such submission.

The statute, it is true, requires the schoolhouse in every case to be located as near the center of the district and as convenient of access to all the inhabitants as practicable. But whether or not this has been done in this case is a question not properly presented to us, even if under any state of case we would have the right to determine it, for it is provided that one-third of the school electors of any district may appeal from the decision of the trustees, in the location of the schoolhouse or site for the same, to the school commissioner of the county, whose decision in the case shall be final. As no appeal was taken to the commissioners nor decision rendered

by him in this case the question as to the propriety of the location of the new schoolhouse can not be considered.

The only question necessary at all to consider is whether the three persons acting as trustees when the new schoolhouse was erected and the tax was ordered to be collected were legally authorized to act as such. It appears that sometime previous to April, 1883, a portion of district No. 45 was cut off and formed into a new district, which included two of the trustees, and to fill the vacancies thus created in district No. 45 the county school commissioner appointed appellees, Route and Clapper, who qualified and were acting as trustees when the annual election was held in the following June. At that election it seems appellants, Bishop and Shutz and appellee Smoot were elected. But the two former never qualified as such, refusing and failing to do so, and consequently appellees, Route and Clapper, continued to act under the previous appointment of the commissioner, as the statute expressly provided they might do, in connection with Smoot, who did qualify after his election, and these three were the acting, and in our opinion the legally acting, trustees when the new schoolhouse was erected and the tax orderd collected.

The injunction prayed for in the petition of appellants and granted at the commencement of the action, upon the grounds we have referred to, was to restrain the collection of the tax mentioned and the construction of the new schoolhouse, at the expense of appellants. The tax having in our opinion been regularly and legally assessed, and appellants being residents of the district and therefore subject in common with all others in the district to the tax, the lower court properly dissolved the injunction.

Judgment *affirmed*.

*John Barker, for appellants.*

*Clark & Applegate, for appellees.*